Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Telephone: (201) 273-7117
Facsimile: (201) 273-7117
Email: ykim@kimlf.com

Scott C. Borison (*pro hac vice* application to be filed)
BORISON FIRM, LLC
1400 S. Charles Street
Baltimore, Maryland 21230
Tel. (301) 620-1016
Fax (301) 620-1018
Email: scott@borisonfirm.com

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SERGIO D. FIORARANCIO, *on behalf of himself and all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL ONE BANK (USA), N.A., <br><br> Defendant. | Civil Action No. <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET SEQ*. (TELEPHONE CONSUMER PROTECTION ACT)** <br><br> CLASS ACTION <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Sergio D. Fiorarancio (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of counsel, and on information and belief, as follows:

**NATURE OF ACTION**

1. Plaintiff brings this action for statutory damages and equitable remedies resulting from the illegal actions of Capital One Bank (USA), N.A. (hereafter "Capital One") in contacting Plaintiff and Class Members on their cellular telephones without their prior express

consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, and the Federal Communication Commission rules promulgated thereunder, 47 C.F.R. § 64.1200 (hereinafter referred to as the "TCPA"). Capital One has violated the TCPA by contacting Plaintiff and Class members on their cellular telephones by using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), without their prior express consent, or after they revoked consent, within the meaning of the TCPA. Plaintiff brings this action for injunctive relief and statutory damages resulting from Capital One's illegal actions.

2. On behalf of the class, Plaintiff seeks an injunction requiring Capital One to cease all unauthorized automated telephone calls, and an award of statutory damages to the members of the class, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

3. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4. This Court has personal jurisdiction over Capital One because a substantial part of the events concerning the unauthorized robocalls at issue occurred in this District, establishing minimum contacts showing Capital One has purposefully availed itself of the resources and protection of the State of New Jersey.

5. Venue is proper in this Court because Capital One is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

6. At all relevant times including when Plaintiff received unlawful pre-recorded calls as described below, Plaintiff resided in Bergen County.

## PARTIES

7. Plaintiff Sergio D. Fiorarancio is and at all times mentioned herein was, an individual citizen of the State of New Jersey.

8. Defendant Capital One Bank (USA), N.A., has its headquarters and principal place of business in Glen Allen, Virginia.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

**The TCPA's Restrictions on Calls to Cellular Telephones**

9. In 1991, Congress enacted the TCPA,[1] in response to a growing number of consumer complaints regarding certain telephone practices.

10. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2] Included within the definition of "autodialed calls" are those utilizing a pre-recorded message, either played directly to the recipient or sent to the recipient's voicemail.

11. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

12. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[4]

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, ("2003 Declaratory Ruling"), CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[4] 2008 FCC Declaratory Ruling, 18 FCC Rcd at 14115 (¶ 165).

13. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number are permitted only if the calls are made with the "prior express consent" of the called party.[5]

14. Moreover, prior express consent may be revoked.[6]

15. With regard to calls or texts made for telemarketing purposes, the Federal Communication Commission has instructed that sellers may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

May 2013 FCC Ruling, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

16. In its January 4, 2008 ruling, the FCC reiterated that a company on whose behalf a telephone call is made bears the responsibility for any violations. *Id.* (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

17. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re*

---

[5] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("2008 FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[6] *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 270 (3d Cir. 2013).

*Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995).

18. On May 9, 2013, the FCC released a Declaratory Ruling holding that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of . . . section 227(b) . . . that are committed by third-party telemarketers."[7]

19. More specifically, the May 2013 FCC Ruling held that, even in the absence of evidence of a formal contractual relationship between the seller and the telemarketer, a seller is liable for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls.  28 FCC Rcd at 6586 (¶ 34).

## FACTUAL ALLEGATIONS

20. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

21. Plaintiff had a credit card with Capital One.

22. However, due to unforeseen financial hardship, sometime in or around July 2017, Plaintiff defaulted on his Capital One credit card and began to receive collection calls from Capital One.

23. Due to the voluminous collection calls, on August 15, 2017, Plaintiff wrote to Capital One, revoking any consent previously given and asking Capital One to stop calling him on his cellular phone. This revocation letter was delivered on August 18, 2017.

24. Between August 19, 2017 through October 9, 2017, Plaintiff received numerous calls from Capital One. Capital One left many pre-recoded voicemail messages.

---

[7] *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, CG Docket No. 11-50, Declaratory Ruling, 28 FCC Rcd 6574, 6574 (¶ 1) (May 9, 2013) ("May 2013 FCC Ruling").

25. On October 11, 2017, Plaintiff wrote to Capital One again because the collection calls did not stop—asking Capital One to stop calling him on his cellular phone and revoking any previous consent. This revocation letter was delivered to Capital One on October 14, 2017.

26. On October 15, 2017, Plaintiff received another pre-recorded voicemail message from Capital One.

27. Capital One is, and at all times mentioned herein was, a "person", as defined by 47 U.S.C. § 153(39).

28. Pursuant to FCC Rulings and relevant case law, Capital One is directly liable for the TCPA violations of any debt collectors when such third parties make debt collection calls on behalf of Capital One.

29. Likewise, insofar as Capital One or its affiliates engaged in telemarketing without first obtaining prior express consent from the recipients of the telemarketing, Capital One has violated the TCPA.

30. The telephone number on which Plaintiff was contacted on behalf of Capital One was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

31. Plaintiff revoked his "prior express consent" allowing Capital One or its debt collectors to place telephone calls to Plaintiff's cellular phone.

32. Telephone calls made to Plaintiff's cellular phone on behalf of Capital One were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

33. Telephone calls to Plaintiff's cellular phone on behalf of Capital One utilizing an "artificial or prerecorded voice" for non-emergency purposes and especially after Plaintiff revoked his prior express consent violated 47 U.S.C. § 227(b)(1)(A).

34. Capital One is, or should have been, aware that it or the automated calling operation was making calls in violation of the TCPA. Capital One had the ability to prevent

unauthorized calls in violation of the TCPA from being placed by automated calling operations conducted by itself or by its vendors or marketing partners.

35. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Capital One to demonstrate it had prior express consent within the meaning of the statute.[8]

## CLASS ACTION ALLEGATIONS

36. Plaintiff brings this action on behalf of himself and all other persons similarly situated (hereinafter referred to collectively as "the Class").

37. Plaintiff proposes the following Class, subject to amendment as appropriate:

> (1) The Prerecorded Message Class: All persons in the United States and its Territories who, within four years prior to the commencement of this litigation until the class is certified, received one or more calls on their cellular telephone from or on behalf of Capital One, utilizing an artificial or pre-recorded message, for whom Capital One cannot demonstrate that it had written, prior express consent for such calls and/or where the called person had previously revoked consent.

Collectively, these persons will be referred to as "Class members." Plaintiff represents, and is a member of, the Class. Excluded from the Class are Capital One and any entities in which Capital One has a controlling interest, Capital One's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

38. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes that Class members number at minimum in the thousands, since automated calls with prerecorded messages were used.

39. Plaintiff and all members of the Class have been harmed by the acts of Capital One, because their privacy has been violated, they were subject to annoying and harassing calls that constitute a nuisance, and in many cases, they were charged for incoming calls.

40. This Class Action Complaint seeks injunctive relief and money damages.

41. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.  The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The Class can be identified easily through records maintained by Capital One and/or its vendors.

42. There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual Class members.  Those common questions of law and fact include, but are not limited to, the following:

    a. Whether non-emergency calls made to Plaintiff and Class members' cellular telephones used a prerecorded voice;

    b. Whether such calls were made by or on behalf of Capital One;

    c. Whether Capital One can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated) to make such calls;

    d. Whether Capital One's conduct was knowing and/or willful;

    e. Whether Capital One's is liable for damages, and the amount of such damages; and

    f. Whether Capital One should be enjoined from engaging in such conduct in the future.

43. As a person who received telephone calls using an artificial or prerecorded voice, without his prior express consent within the meaning of the TCPA and Rules, Plaintiff asserts claims that are typical of each Class member.  Plaintiff will fairly and adequately

represent and protect the interests of the Class, and has no interests which are antagonistic to any member of the Class.

44. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

45. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

46. Capital One has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.**
**(On Behalf of the Prerecorded Message Class)**

47. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

48. Capital One knowingly or willfully violated the TCPA by making calls to the cellular telephones, using pre-recorded messages, to individuals for whom it did not have prior express consent.

49. As a result of Capital One knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

50. Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

### STATUTORY VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*
### (On Behalf of the Prerecorded Message Class)

51. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

52. Capital One violated the TCPA by making calls to the cellular telephones, using pre-recorded messages, to individuals for whom it did not have prior express consent.

53. As a result of Capital One's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

54. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Capital One's violation of the TCPA in the future.

55. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Capital One:

A. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems

appropriate, finding that Plaintiff is a proper representative of the Class and Subclasses, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class and Subclasses;

      B.    Injunctive relief prohibiting such violations of the TCPA by Capital One in the future;

      C.    As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), for himself and each Class member, treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

      D.    As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), for himself and each Class member, $500.00 in statutory damages for each and every call that violated the TCPA;

      E.    An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

      F.    Such other relief as the Court deems just and proper.

Dated: August 19, 2021

KIM LAW FIRM LLC

*s/Yongmoon Kim*
Yongmoon Kim
Email: ykim@kimlf.com
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Telephone: (201) 273-7117
Facsimile: (201) 273-7117

BORISON FIRM, LLC
Scott C. Borison (*pro hac vice* application to be filed)
1400 S. Charles Street
Baltimore, Maryland 21230
Tel. (301) 620-1016
Fax (301) 620-1018
scott@borisonfirm.com

*Attorneys for Plaintiff and the Proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts so triable.

## CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

*s/Yongmoon Kim*
Yongmoon Kim
Email:  ykim@kimlf.com
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Telephone:  (201) 273-7117
Facsimile:   (201) 273-7117

BORISON FIRM, LLC
Scott C. Borison (*pro hac vice* application to be filed)
1400 S. Charles Street
Baltimore, Maryland 21230
Tel. (301) 620-1016
Fax (301) 620-1018
Email: scott@borisonfirm.com

*Attorneys for Plaintiff and the Proposed Class*

Dated: August 19, 2021